IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| GRADY IDUS POPE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 111-109 |
| | ) | |
| BRIAN APPLE and SAMUEL S. OLENS, | ) | |
| Attorney General of the State of Georgia, | ) | |
| | ) | |
| Respondents. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Grady Idus Pope, proceeding *pro se*, brought the captioned matter pursuant to 28 U.S.C. § 2254[1] and paid the $5.00 filing fee. Petitioner seeks to challenge his pre-trial detention at East Central Regional Hospital in Augusta, Georgia. (Doc. no. 1, p. 1.) For the reasons below, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED** without prejudice, and that this civil action be **CLOSED**.[2]

## I. BACKGROUND

Petitioner alleges that he was charged in the Superior Court of Taliaferro County with making terroristic threats but was deemed incompetent to stand trial. (Id. at 2.) Although the record is unclear, it appears that Petitioner is being held for the purposes of a mental evaluation

---

[1] As explained below, the Court construes Petitioner's filing as a petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2241.

[2] As "it appears from the application that the applicant or person detained is not entitled" to the relief he seeks, the Court now makes its recommendation without directing a response to the instant petition. 28 U.S.C. § 2243.

before trial, but that he would prefer to proceed to trial. (See id. at 2, 7.) Petitioner claims that his confinement violates his right to a speedy trial by jury, and that Respondents have further violated his constitutional rights by holding him to answer for an infamous crime without a presentment or indictment of a Grand Jury, and by compelling him to be a witness against his competency in a criminal case. (Id. at 4-5.) Petitioner reports that he has not yet pled, nor has he filed any petitions, applications, or motions with respect to his criminal case. (Id. at 2-3.) The relief requested in the instant petition includes release from confinement, or that his case be removed to this court for a speedy jury trial. (Id. at 6-7.)

## II. DISCUSSION

First, because Petitioner's claims challenge the legality of his pretrial detention, rather than detention pursuant to a judgment of conviction, his petition is properly brought pursuant to 28 U.S.C. § 2241 rather than § 2254. See Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 489-99 (1973) (addressing § 2241 petition challenging pretrial detention); Hughes v. Attorney General of Fla., 377 F.3d 1258, 1261 (11th Cir. 2004) ("The present habeas petition was initially brought pursuant to 28 U.S.C. § 2254. However, because this petition for habeas relief is a pre-trial petition it would only be properly asserted pursuant to 28 U.S.C. § 2241."); Medberry v. Crosby, 351 F.3d 1049, 1060 (11th Cir. 2003) (noting that a person held in pre-trial detention is not "in custody pursuant to the judgment of a State court") (quoting 28 U.S.C. § 2254(a)). The proper course of action is assessing a pretrial habeas petition improperly brought under § 2254 is to consider the petition as if brought pursuant to § 2241. Hughes, 377 F.3d at 1262; see also Hiteshaw v. Butterfield, 262 F. App'x 162, 164 (11th Cir. 2008) (*per curiam*) (finding that the district court improperly

characterized state pre-trial detainee's federal habeas petition as a § 2254 petition and remanding the case for consideration as a § 2241 petition).

Pretrial § 2241 petitions, like all habeas petitions,[3] are subject to an exhaustion requirement. See Wilkinson v. Dotson, 544 U.S. 74, 79 (2005) (noting that all habeas corpus actions "require a petitioner fully to exhaust state remedies"); Thomas v. Crosby, 371 F.3d 782, 812 (11th Cir. 2004) (Tjoflat, J., concurring) ("Among the most fundamental common law requirements of § 2241 is that petitioners must first exhaust their state court remedies."); Tooten v. Shevin, 493 F.2d 173, 175 (5th Cir. 1974)[4] (noting in the context of a pre-trial detainee's federal habeas petition that "[a]lthough federal courts have the power to release state prisoners before trial, the exhaustion requirement must be fulfilled.").

Specifically, the exhaustion doctrine, "first announced" in Ex parte Royall, 117 U.S. 241 (1886), requires the petitioner to "give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999) (§ 2254 case). The Supreme Court has held that a state inmate is deemed to have exhausted his state judicial remedies when he has given the state courts, or they have otherwise had, a fair opportunity to address the state inmate's federal claims. Castille v. Peoples, 489 U.S. 346, 351 (1989). In order to afford the state courts this

---

[3]The Court notes that even if the instant petition were properly brought under 28 U.S.C. § 2254, Petitioner would still be required to exhaust state remedies. See 28 U.S.C. §§ 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by *any* available procedure, the question presented.") (emphasis added).

[4]In Bonner v. City of Pritchard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions that were handed down prior to the close of business on September 30, 1981.

"full and fair opportunity" to address his claims, a habeas petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan, 526 U.S. at 845.

With regard to the claims asserted in the instant petition, Georgia law allows pretrial detainees to raise each of these types of claims either during state criminal proceedings or collaterally in a state habeas corpus action. See Perkins v. Hall, 708 S.E.2d 335, 344-45 (Ga. 2011) (explaining that issue of defendant's competency to stand trial should be addressed in the course of criminal proceedings); Stevens v. Clayton Cnty. Det. Ctr., 686 S.E.2d 121, 122 (Ga. 2009) (explaining that criminal defendant can bring self-incrimination claim during the course of criminal proceedings); Perera v. Miller, 662 S.E.2d 544, 544 (Ga. 2008) (noting that criminal defendants can bring speedy trial claim and ineffective assistance of counsel claims during the course of criminal proceedings); Jackson v. State, 614 S.E.2d 781, 783-84 (Ga. 2005) (ruling on speedy trial claim and due process claim based on preindictment delay; claims initially brought in motion for a new trial and reasserted on direct appeal); Lamberson v. State, 462 S.E.2d 706, 707 (Ga. 1995) (challenging lack of indictment by a grand jury in state habeas petition).

In the case at bar, Petitioner has not exhausted his state court remedies because he indicates in his petition that he has not sought any sort of relief in state court, or otherwise raised his claims during his criminal proceedings. Therefore, the Court finds that Petitioner has failed to satisfy the exhaustion requirement, and concludes that the instant petition should be dismissed without prejudice so that Petitioner may exhaust available state remedies.

## III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that that this case be **DISMISSED** without prejudice, and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 16th day of September, 2011, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE